**Hand-Delivered**



FILED
CHARLOTTE, NC

APR 2 4 2026

US DISTRICT COURT
WESTERN DISTRICT OF NC

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

**Mariama Ali**
    **Plaintiff**

**v.**

        Civil Action No. **3:26-CV-324-MOC**

**HOUSING AUTHORITY OF THE CITY OF CHARLOTTE**
**d/b/a Inlivian**

**HOUSING AUTHORITY OF THE COUNTY OF WAKE**
**d/b/a Wake County Housing Authority**

**RALEIGH HOUSING AUTHORITY (RHA)**

**INVITATION HOMES 7 NORTH CAROLINA LP**
**d/b/a Invitation Homes**

                **Defendants.**

**COMPLAINT**

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Mariama Ali
    Plaintiff

v.                                      Civil Action No. _____

HOUSING AUTHORITY OF THE CITY OF CHARLOTTE
d/b/a Inlivian

HOUSING AUTHORITY OF THE COUNTY OF WAKE
d/b/a Wake County Housing Authority

RALEIGH HOUSING AUTHORITY (RHA)

INVITATION HOMES 7 NORTH CAROLINA LP
d/b/a Invitation Homes

    Defendants.

COMPLAINT

INTRODUCTION

1. This action arises from Defendants' failure to properly administer Plaintiff's Housing Choice Voucher, which resulted in the loss of housing opportunities, financial harm, and inability to secure stable housing.
2. Plaintiff made repeated efforts to obtain assistance, request corrections, and utilize the voucher for housing. Defendants failed to respond, failed to process the voucher, and interfered with Plaintiff's ability to obtain housing.
3. As a result of Defendants' actions and omissions, Plaintiff suffered financial loss, housing instability, and continued inability to secure housing.
4. Defendant Invitation Homes 7 North Carolina LP was a housing provider with whom Plaintiff attempted to secure housing. Plaintiff raised concerns regarding lease terms, was informed that required forms had not been completed, and experienced changes in material aspects of the unit. The leasing process was subsequently discontinued, resulting in the loss of housing opportunity.

JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to federal law, including the Fair Housing Act, 42 U.S.C. § 3601 et seq.
6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Charlotte, North

Carolina, including housing transactions, rental applications, and the denial of housing opportunities.

7. Defendants are connected through their involvement in the administration, transfer, or use of Plaintiff's Housing Choice Voucher, and their conduct forms part of a series of related events that resulted in Plaintiff's inability to secure housing.

Mariama Ali v. Housing Authority of the City of Charlotte, et al.
Civil Action No. _____

PARTIES

8. Plaintiff Mariama Ali is an individual and participant in the Housing Choice Voucher program.
9. Defendant Housing Authority of the City of Charlotte, doing business as Inlivian, is a public housing authority responsible for administering Housing Choice Voucher program services, including portability and transfer of vouchers.
10. Defendant Housing Authority of the County of Wake, doing business as Wake County Housing Authority, is a public housing authority responsible for administering Plaintiff's Housing Choice Voucher and related housing assistance.
11. Defendant Raleigh Housing Authority (RHA) is a public housing authority involved in the administration and use of Housing Choice Vouchers within the Raleigh, North Carolina area.
12. Defendant Invitation Homes 7 North Carolina LP, doing business as Invitation Homes, is a housing provider that offers rental housing to the public and participated in housing transactions with Plaintiff.

Mariama Ali v. Housing Authority of the City of Charlotte, et al.
Civil Action No. _____

STATEMENT OF FACTS

BACKGROUND

1. Plaintiff is an individual seeking housing using a Housing Choice Voucher ("HCV").
2. Plaintiff's voucher was issued and/or administered through Inlivian and coordinated with other housing authorities, including Raleigh Housing Authority and Wake County Housing Authority.
3. Plaintiff required housing that met specific needs, including a three-bedroom unit and a first-floor (downstairs) bedroom due to disability-related limitations.

VOUCHER COORDINATION ISSUES

4. Plaintiff attempted to utilize the HCV to secure housing in the Charlotte, North Carolina area.
5. Defendants responsible for administering and coordinating the voucher failed to properly process and recognize Plaintiff's voucher.
6. Raleigh Housing Authority refused to accept or properly recognize Plaintiff's three-bedroom voucher as issued.
7. Wake County Housing Authority and Inlivian failed to ensure proper coordination and administration of Plaintiff's voucher and Housing Assistance Payment (HAP) process.
8. As a result, Plaintiff experienced delays, confusion, and barriers in attempting to use the voucher for housing.

ATTEMPT TO LEASE WITH INVITATION HOMES

9. Plaintiff applied for a rental property with Invitation Homes in the Charlotte area.
10. From the beginning of the application process, Plaintiff was subjected to repeated threats that the application would be withdrawn.
11. Defendant alleged that Plaintiff failed to complete portions of the application, despite Plaintiff having completed and submitted all required materials.
12. Defendant provided inconsistent and inaccurate information regarding the condition of the property, including representing that appliances were new when they were not and failing to install promised features such as patio door blinds.

DISABILITY ACCOMMODATION ISSUES

13. Plaintiff requested a reasonable accommodation due to disability, specifically a hard copy of the lease agreement, which was approximately 61 pages in length.
14. Defendant failed and/or refused to provide the requested accommodation.
15. As a result, Plaintiff was forced to attempt to independently obtain and review the lease under unreasonable conditions.

## LEASE PROCESS AND WITHDRAWAL / RESULTING HARM

16. Defendant imposed unreasonable and inconsistent deadlines for execution of the lease.
17. Plaintiff was given a limited time to review and report issues and was informed that failure to do so would result in financial responsibility.
18. Although a lease was issued to Plaintiff, Defendant withdrew the lease within approximately six hours, prior to the stated deadline for signing.
19. Defendant then denied Plaintiff housing on the basis that Plaintiff failed to sign the lease, despite having withdrawn the lease before Plaintiff had a fair opportunity to execute it.
20. The actions of Defendants, individually and collectively, interfered with Plaintiff's ability to secure housing using the HCV.
21. Plaintiff was unable to obtain housing despite repeated efforts.
22. Plaintiff incurred significant financial losses, including but not limited to:
    • Application-related expenses
    • Travel costs, including multiple long-distance trips
    • Temporary lodging expenses
23. Plaintiff also suffered stress, inconvenience, and loss of housing opportunity as a direct result of Defendants' conduct.

## PATTERN OF INTERFERENCE

24. Defendants' actions were not isolated but part of a pattern of conduct that created barriers to Plaintiff's ability to obtain housing.
25. The combined actions of the housing authorities and the landlord resulted in the effective denial of Plaintiff's ability to utilize the HCV and secure suitable housing.

## FACTS SUPPORTING ONGOING INTERFERENCE, RETALIATION, AND SAFETY CONCERNS

26. Plaintiff's Housing Choice Voucher is currently held by Wake County Housing Authority.
27. Plaintiff has requested that the voucher be provided in a usable format, including electronic delivery, in order to apply for housing before the expiration date.
28. Defendant has refused to provide the voucher electronically and has failed to communicate with Plaintiff through reasonable means, including email.
29. As a result, Plaintiff is unable to apply for housing and risks expiration of the voucher.
30. Plaintiff has previously spoken publicly regarding Defendants' conduct.
31. Following these actions, Defendants' refusal to communicate and provide access to the voucher has continued.
32. Plaintiff fears loss of housing opportunity and personal safety due to Defendants' actions and the surrounding circumstances.
33. Plaintiff attended an in-person meeting at Wake County Housing Authority regarding the status of the voucher.
34. During the visit, Plaintiff was placed in an environment that was chaotic and intimidating.
35. Plaintiff was surrounded by multiple staff members without a neutral witness present.

36. Plaintiff was not permitted to document or record the interaction.
37. A director-level staff member stated that Plaintiff could contact outside parties but that no corrective action would be taken.
38. Plaintiff reasonably perceived the situation as intimidating and unsafe based on these actions.
39. As a result, Plaintiff is fearful of returning to the office without support or protection.
40. Plaintiff participated in housing inspections conducted in connection with the Housing Choice Voucher process involving Inlivian and Wake County Housing Authority.
41. During inspection of a property managed by Invitation Homes, Plaintiff identified multiple safety and habitability concerns.
42. Plaintiff observed significant buildup within the dryer exhaust vent, presenting a fire hazard, and reported this condition.
43. The inspecting authority failed to document the condition of the dryer exhaust vent.
44. Plaintiff observed that the patio door latch was rusted and did not properly align with the frame, preventing the door from securely locking.
45. This condition was not documented during inspection.
46. Plaintiff observed visible water lines and condensation-related markings within the stove, which was represented as new.
47. Plaintiff observed that the stove surface showed wear inconsistent with a new appliance.
48. The refrigerator water filter was expired at the time of inspection.
49. These conditions were not documented by the inspecting authority.
50. Plaintiff compared the advertised listing and observed that originally advertised matching appliances had been replaced with visibly worn appliances.
51. Despite these discrepancies, Defendant represented in writing that the appliances were new.
52. Plaintiff relied on these representations in pursuing the rental property.
53. Plaintiff reported these safety concerns, including the dryer vent hazard, to the housing authority.
54. These safety issues were not documented or addressed.
55. A separate inspection involving Wake County Housing Authority similarly failed to document hazardous conditions.
56. These included the dryer vent condition and a weakened deck railing presenting a fall risk.
57. Plaintiff reasonably believed the deck railing could fail under normal use.
58. These safety concerns were not documented in the inspection report.
59. Plaintiff was required to obtain liability insurance while these safety hazards remained unaddressed.
60. The failure to document and address these conditions interfered with Plaintiff's ability to secure safe and habitable housing using the Housing Choice Voucher.

61. Plaintiff also engaged directly with the Raleigh Housing Authority regarding transfer and administration of her Housing Choice Voucher. During in-person communication, Plaintiff was informed that her approved bedroom size, including a medically necessary accommodation, would not be honored and that she would instead be limited to a smaller unit. Plaintiff was advised to return to Wake County Housing Authority for processing, despite the absence of any meaningful response from that agency. Raleigh Housing Authority further indicated that it would not proceed based on documentation from INLIVIAN, while other housing authorities indicated that such documentation would be accepted. Despite requests, these determinations were not provided to Plaintiff in writing. These actions contributed to confusion, delay, and interference with Plaintiff's ability to utilize her Housing Choice Voucher and secure appropriate housing.

## CLAIMS FOR RELIEF

## COUNT I – DISABILITY DISCRIMINATION (FAILURE TO ACCOMMODATE)
Violation of the Fair Housing Act, 42 U.S.C. § 3604(f)
(Against Defendant Invitation Homes 7 North Carolina LP)

61. Plaintiff incorporates by reference all preceding paragraphs.
62. Plaintiff has a disability that substantially limits one or more major life activities.
63. Plaintiff requested a reasonable accommodation, specifically a hard copy of a lease agreement approximately 61 pages in length.
64. Defendant failed and/or refused to provide the requested accommodation.
65. Defendant maintained barriers to access, including requiring an electronic-only process.
66. As a result, Plaintiff was denied a fair opportunity to review and complete the lease.
67. Plaintiff was penalized when the lease was withdrawn prior to execution.
68. Defendant's actions constitute discrimination under the Fair Housing Act.
69. Plaintiff suffered damages as a result.

## COUNT II – INTERFERENCE WITH FAIR HOUSING RIGHTS
Violation of the Fair Housing Act, 42 U.S.C. § 3617
(Against Defendant Invitation Homes 7 North Carolina LP)

70. Plaintiff incorporates by reference all preceding paragraphs.
71. Defendant engaged in conduct that interfered with Plaintiff's ability to obtain housing.
72. Such conduct included repeated threats to withdraw the application, creating obstacles during the leasing process, and withdrawing the lease prior to the stated deadline.
73. These actions effectively prevented Plaintiff from securing housing.
74. Defendant's conduct constitutes unlawful interference under federal law.
75. Plaintiff suffered damages as a result.

## COUNT III – DISCRIMINATORY TERMS AND UNEQUAL TREATMENT
Violation of the Fair Housing Act, 42 U.S.C. § 3604(b)
(Against Defendant Invitation Homes 7 North Carolina LP)

76. Plaintiff incorporates by reference all preceding paragraphs.
77. Defendant imposed unfair and inconsistent terms and conditions.
78. These included extremely short timeframes for lease execution and imposing responsibility for issues within unreasonable deadlines.
79. These terms were applied in a manner that disadvantaged Plaintiff.
80. Defendant's conduct constitutes discriminatory terms and conditions under the Fair Housing Act.
81. Plaintiff suffered damages as a result.

## COUNT IV – MISREPRESENTATION IN HOUSING
Violation of the Fair Housing Act, 42 U.S.C. § 3604(c)
(Against Defendant Invitation Homes 7 North Carolina LP)

82. Plaintiff incorporates by reference all preceding paragraphs.
83. Defendant made false and misleading statements regarding the condition of the property.
84. These included representing that appliances were new when they were not and promising features that were not installed.
85. Plaintiff relied on these representations in pursuing the rental.
86. Defendant's conduct constitutes unlawful misrepresentation under the Fair Housing Act.
87. Plaintiff suffered damages as a result.

## COUNT V – HOUSING CHOICE VOUCHER INTERFERENCE
Violation of the Fair Housing Act and applicable federal law
(Against All Defendants)

88. Plaintiff incorporates by reference all preceding paragraphs.
89. Plaintiff was attempting to utilize a Housing Choice Voucher.
90. Defendants failed to properly administer, coordinate, or support the use of the voucher.
91. Defendants' actions resulted in delays, confusion, and inability to secure housing.
92. Plaintiff lost housing opportunities and incurred financial losses.
93. Defendants' conduct interfered with Plaintiff's rights under federal housing law.
94. Plaintiff suffered damages as a result.

## COUNT VI – DUE PROCESS VIOLATIONS
Violation of 42 U.S.C. § 1983
(Against Housing Authority Defendants)

95. Plaintiff incorporates by reference all preceding paragraphs.
96. Plaintiff had a protected interest in the proper administration of the Housing Choice Voucher.
97. Defendants acted arbitrarily and failed to follow required procedures.
98. Plaintiff was denied fair process in the administration of the voucher.
99. As a result, Plaintiff suffered harm.

## DAMAGES

100.    Plaintiff seeks all available damages under law, including:

A. Actual damages, including application fees, travel expenses, relocation costs, and financial losses;

B. Loss of housing opportunity and loss of rental assistance, including third-party assistance withdrawn as a result of Defendants' conduct;

C. Emotional distress damages;

D. Punitive damages for willful and reckless conduct;

E. Injunctive relief, including restoration and proper administration of Plaintiff's Housing Choice Voucher and removal of restrictions imposed by Defendant Invitation Homes;

F. Attorney's fees and costs pursuant to applicable law.

Mariama Ali v. Housing Authority of the City of Charlotte, et al.
Civil Action No. _____

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Order Defendants to restore and make fully available Plaintiff's Housing Choice Voucher;

B. Order Defendants to properly administer Plaintiff's Housing Choice Voucher in accordance with applicable law and program requirements;

C. Order Defendants to correctly calculate and apply Plaintiff's medical expense deductions and provide reimbursement for any overcharges resulting from failure to apply such deductions;

D. Order Defendants to provide Plaintiff with access to voucher documentation in a usable format, including electronic delivery;

E. Order Defendants to cease interference with Plaintiff's ability to obtain housing using the voucher;

F. Order Defendant Invitation Homes 7 North Carolina LP to remove any restriction, ban, or denial that prevents Plaintiff from applying for or renting properties offered by Defendant;

G. Award compensatory damages against Defendants, jointly and severally, in an amount to be determined at trial, including financial losses such as application fees, travel expenses, relocation costs, and overcharges resulting from improper voucher administration;

H. Award compensatory damages against Defendant Invitation Homes 7 North Carolina LP in an amount exceeding $5,000, including but not limited to financial losses associated with Plaintiff's application, relocation expenses, and the loss of third-party rental assistance in the approximate amount of $2,000 that was to be provided by Alliance Health but was withdrawn as a result of the failed housing process;

I. Award damages for loss of housing opportunity, emotional distress, and housing instability;

J. Grant such additional relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,

*Mariama Ali*

_Mariama Ali_

Mariama Ali
5611 Goodstone Drive, Apt. 323
Raleigh, NC  27616
919.995.7347
nadira.ali12@gmail.com

**Pro Se**

**April 23, 2026**